UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERALD F. COLOMBE, III,

                  Petitioner,
v.                                                   9:22-CV-0844
                                                               (GTS/CFH)
JEFF MURPHEY,

                  Respondent.
_____

APPEARANCES:                                         OF COUNSEL:

GERALD F. COLOMBE, III
Petitioner, pro se
301
Washington County Jail
399 Broadway
Fort Edward, NY 12828

GLENN T. SUDDABY
United States District Judge

## DECISION and ORDER

**I.**    **INTRODUCTION**

Petitioner Gerald Colombe seeks federal habeas relief pursuant to 28 U.S.C. § 2241. Dkt. No. 1, Petition ("Pet.").

On August 18, 2022, this action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 3, Order Directing Administrative Closure. Petitioner was granted thirty days leave to either (1) pay the statutory filing fee or (2) file a complete and properly certified in forma pauperis ("IFP") application. *Id.* at 1-2. Petitioner subsequently filed a properly certified IFP application, and the case was reopened. Dkt. No. 4, IFP Application; Dkt. No. 5, Text Order (reopening case); Dkt. No. 6, Text Order (granting IFP).

## II.     THE PETITION

Petitioner indicates that he was sentenced, on October 29, 2013, to eight years incarceration and five years of post-release supervision.  Pet. at 1.  Pursuant to the Department of Corrections and Community Supervision ("DOCCS") website, petitioner was eventually released on conditions.  *See* DOCCS Inmate Lookup Website, *available at* http://nysdoccslookup.doccs.ny.gov (DIN 13-A-4774) (last visited Aug. 29, 2022); *see also* Pet. at 1 (indicating that he is "a State Inmate Din #13-A-4774").  Petitioner shares that he is now detained on pending criminal charges from Washington County pursuant to Indictment No: I-030-2202.  Pet. at 1.

Petitioner claims that he has been confined in keeplock, or solitary confinement, in the Special Housing Unit ("SHU") for the past ninety days.  Pet. at 1-2.  Relying on the guarantees provided by a recent New York State statute, the Humane Alternatives to Long-Term Solitary Confinement Act ("HALT"), petitioner contends that the Eighth Amendment prohibition against cruel and unusual punishment has been violated by his prolonged placement in SHU.  Pet. at 2-3.  Petitioner argues that he has attempted to grieve his placement through the facility's administrative channels; however, his complaints have been ignored.  *Id.*

Petitioner requests that he either be immediately released back to parole supervision, because his parole has not yet been violated, or that he be transferred to a different facility with better medical facilities to address his heightened mental health needs.  Pet. at 5, 7.

## III.    Is the Action Properly Brought as a Habeas Petition Pursuant to Section 2241 or Section 2254

This petition was brought pursuant to 28 U.S.C. § 2241.  Section 2241 provides that

2

"the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions" may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  That section generally permits federal prisoners to challenge the execution of a sentence, including the computation of the sentence and parole decisions, rather than the imposition of that sentence or the underlying federal conviction under section 2255.  *Cook v. New York State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003).  State prisoners, in contrast, must bring challenges both to the execution of a sentence and to underlying convictions under section 2254, which governs petitions filed by "a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *accord, Cook*, 321 F.3d at 278.

Here, by petitioner's own admission and confirmed on the DOCCS website, he is still a state prisoner – with a Department Identification Number – who seeks, at least in part, release from SHU back to New York State Parole Supervision.  While petitioner explicitly categorizes this petition as a § 2241 petition, the courts are not bound to accept it as such.  *See Cook*, 321 F.3d at 277-78 (explaining that "if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under [§] 2241, the district court must treat it as a [§] 2254 application instead.") (citing *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) ("[I]t is the substance of the petition, rather than its form, that [governs.]").[1]

---

[1] Petitioner states that his parole has not yet been violated; however, he was on post-supervision conditions when he allegedly committed new criminal activity which is undoubtedly a violation of his probation.  To the extent parole violation proceedings are imminent, any such challenges must be brought in an action filed pursuant to 28 U.S.C. § 2254.  *See Simone v. Lewin*, No. 1:05-CV-8925, 2006 WL 2468624, at *1-*5 (S.D.N.Y. Aug. 11, 2006) (deciding challenge to probation revocation proceedings pursuant to section 2254); *Keyes v. Apple*, No.

Further, most recently this Court has held that "a 2254 challenge to . . . restrictive confinement is permissible, so long as the petitioner is serving the restrictive confinement at the time the petition is filed." *Dawes v. Racette*, No. 9:12-CV-0718 (NAM/DEP), 2014 WL 667412, at *2 (N.D.N.Y. Nov. 25, 2014) (citing cases). "If, however, the challenged disciplinary penalty has already been served at the time the petitioner is filed, . . . review is not available because petitioner is not 'in custody' pursuant to the disciplinary determination, and the Court lacks jurisdiction under section 2254." *Id.*[2]

Here, petitioner's SHU penalty is allegedly ongoing. Accordingly, that fact, in combination with his continued status as a state court inmate challenging continued detention and potential parole proceedings, seems to intimate that the instant action should be categorized as a federal habeas petition brought pursuant to section 2254.

Unlike section 2241 petitions, petitions filed under section 2254 are subject to the "gate keeping" provisions of section 2244, including the restrictions upon the filing of "second or successive" section 2254 habeas petitions under subsection (b) and the one-year limitation period under subsection (d). Therefore, the conversion of petitioner's petition into one brought

---

9:16-CV-1111 (MAD/ATB), 2016 WL 4997640, at *2 (N.D.N.Y. Sept. 19, 2016) (same); *see also Parkman v. Doe*, No. 3:19-CV-1575, 2019 WL 5298170, at *3 (D. Conn. Oct. 18, 2019) (refusing to convert challenge to violation of probation adjudication and subsequent placement in a sex offender treatment unit in the Department of Corrections to a habeas petition under section 2254, when the inmate brought the action pursuant to 42 U.S.C. § 1983, because the inmate had failed to exhaust his state court remedies).

[2] Traditionally, "[b]ased upon the allegations that petitioner [has been confined 90 days] . . . to SHU, but nothing else – e.g., loss of good time credits – this action appears to be one that should have been brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254, because the disciplinary sentence challenged herein does not impact the overall length of the [petitioner's] confinement on his state court criminal conviction." *Adams v. McGinnis*, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004) (citing cases). Similar cases have been deemed challenges to an alteration in an inmate's conditions of confinement – which are not cognizable habeas claims -- and inmates were given the opportunity to either (1) explain why the petition should not be converted to a federal civil rights complaint under 42 U.S.C. § 1983, or (2) consent to said conversation. *See Booker v. Chappius*, No. 1:16-CV-0446, 2016 WL 8668511, at *2 (W.D.N.Y. Nov. 18, 2016) (citing *Adams*, 317 F. Supp. 2d at 244-45); *see also Ford v. Smith*, No. 9:06-CV-0890 (FJS/DEP), 2007 WL 188724, at *1 (N.D.N.Y. Jan. 22, 2007). The Court notes that petitioner also has a civil rights case pending in this District. *See Colombe v. Murphy et al*, No. 9:22-CV-0896 (GTS/ML)

pursuant to section 2254 will bring with it certain restrictions.

First, section 2254 petitions are subject to a one-year statute of limitations that generally begins to run from the date on which the state criminal conviction or other challenged state court decision became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n. 9 (2012). Ordinarily, for purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D).

Second, petitioners are generally permitted to file only one section 2254 petition challenging a particular state court judgment. Once that first petition has been decided on the merits, a petitioner may not file a second or successive petition challenging the same state court decision or determination without first seeking permission to do so from the appropriate federal Court of Appeals–in this case, the Second Circuit. 28 U.S.C. § 2244(b).

Because of these restrictions, a filing may not be converted into a first section 2254 petition without notifying the petitioner of the district court's intent to convert the petition, and

giving him or her an opportunity to consent to the conversion or to withdraw the petition rather than having it converted. *Castro v. United States*, 540 U.S. 375, 383 (2003); *Cook*, 321 F.3d at 282. Accordingly, petitioner is notified and advised that the Court intends to convert this section 2241 petition into a section 2254 petition, and that this conversion means that the petition will be subject to the restrictions on any future, successive petitions set forth in 28 U.S.C. § 2244(b) and the one-year statute of limitations set forth in § 2244(d)(1).

While petitioner indicated his intention to proceed only pursuant to § 2241, given the special solicitude accorded pro se inmates, the Court is providing petitioner with another opportunity to decide how he wishes for his claims to proceed. The conversion of this petition will occur unless petitioner notifies the court in writing within thirty (30) days of the filing date of this Decision and Order that he either (1) consents to the conversion or (2) voluntarily withdraws the petition instead of having it converted to a petition under section 2254. If petitioner does not advise the Court in writing within thirty (30) days of either his consent to the conversion or his voluntary withdrawal of the petition, the Court will convert this petition to a section 2254 petition.

**IV.     Amendment**

Unless petitioner withdraws his petition, he will also be subject to the exhaustion requirement under 28 U.S.C. § 2254(b). An application for a writ of habeas corpus may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A), (B)(i), (ii).

To satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845

(1999). Substantive exhaustion requires that a petitioner "fairly present" each claim for habeas relief in "each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). In other words, petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

Here, it is unclear whether petitioner has exhausted his state court remedies. Petitioner has not been able to actively engage in the administrative process with the facility he is in; however, petitioner has not indicated whether he has filed any challenges in state court to his present detention, specifically his prolonged segregated housing assignment. Accordingly, the Court cannot determine whether proper exhaustion has occurred.

Based on the foregoing, unless petitioner voluntarily withdraws his petition, he is directed to file an amended petition within thirty (30) days of the filing date of this Decision and Order that addresses if and how he has exhausted his state court remedies, as outlined below.

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner must notify the Court in writing **within thirty (30) days** of the filing date of this Decision and Order whether he: (1) consents to having his section 2241 petition converted to a section 2254 petition; or (2) voluntarily withdraws the pending petition instead of having it converted. If petitioner fails to advise the Court in writing within thirty (30) days of the filing date of this Decision and Order of either his consent to the conversion or his voluntary withdrawal of this petition, the petition will be converted to a section 2254 petition; and it is further

**ORDERED** that if petitioner does not voluntarily withdraw his petition, he must file an amended petition **within thirty (30) days** of the filing date of this Decision and Order.  The Clerk is directed to provide petitioner with a blank § 2254 habeas petition for that purpose.  Petitioner shall fully complete each and every part of the blank petition.  **The amended petition must clearly list the date(s) on which petitioner filed any application(s) in state court for direct or collateral review concerning his present confinement and continued detention in segregated housing, the name and location of the court in which he filed each application, and the date on which each court denied each application.**  Petitioner must also clearly state each claim he wants the court to consider, and the facts supporting each claim, in the petition.

Petitioner must not incorporate any portion of any prior petition into his amended petition by reference.  Petitioner must include all relevant information in the amended petition in accordance with the terms of this Decision and Order; and it is further

**ORDERED** that if petitioner fails to file an amended petition **within thirty (30) days** of the filing date of this Decision and Order, **the Clerk shall enter judgment dismissing this action without further order**; and it is further

**ORDERED** that upon the filing of any amended petition, the Clerk shall forward the file to the Court for further review; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on petitioner in accordance with the Local Rules.

Dated: September 13, 2022
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge